[Civ. No. 3361. First Appellate District, Division Two.—May 7,
1920.]

ADOLPH RAMISH, Respondent, v. MAX REICHEN-
BACH et al., Appellants.

[1] APPEAL—ACTION FOR RENT—CONFLICTING EVIDENCE—FINDING.—
On an appeal from a judgment in favor of the plaintiff, in an
action by the lessor against the trustees for the lessee, whom the
lessor permitted to occupy the leased premises after the lessee
became insolvent, such trustees agreeing to pay plaintiff the back
rentals then due out of the first profits of the business, a finding
of the trial court based upon conflicting evidence, to the effect
that the defendants during their conduct of the business received
sufficient moneys to have enabled them under the terms of their
agreement with plaintiff to pay him the amount claimed to be
due as rental for the premises, but that they used and disposed
of such moneys in payment of other than necessary expenses of
conducting and operating the business to an extent and in an
amount sufficient to have paid plaintiff the amount due him, is
conclusive on the appellate court.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward F. Wehrle for Appellants.

Alfred H. McAdoo and David E. Bergman for Respondent.

NOURSE, J.—Defendants appeal from a judgment rendered against them as involuntary trustees on plaintiff's complaint for rent of premises occupied by defendants in the double capacity as trustees for creditors and assignees of the insolvent under an assignment made for the benefit of all creditors of the insolvent other than plaintiff. [1] The controversy arises through the fact that after the defendants were appointed trustees for the creditors a written agreement was made between them and plaintiff whereby plaintiff agreed to permit defendants to continue the occupation of the premises theretofore leased to the insolvent and the defendants promised to pay to plaintiff the back rentals then due out of the first profits of the business. By the pleadings it is admitted that defendants also agreed to pay the expenses of conducting or operating the business, including the payment of the monthly rental and water charges for the premises occupied, before distributing or paying to the other creditors anything upon the indebtedness due them. During the course of their conduct of the business the defendants paid certain sums to an agent of one of the creditors and other sums to the attorney for the creditors, leaving in their possession insufficient moneys to meet the payment for the current rental admitted to be due to plaintiff. Upon the trial it was contended on the part of plaintiff that the moneys so paid out were for services rendered to the creditors, and defendants claimed that such payments were necessary and proper expenses of conducting and operating the business by the trustees. Plaintiff also asked for an accounting upon the theory that though he was not a party to the original assignment for the benefit of creditors, the defendants by their special agreement with him became involuntary trustees for his benefit. The trial court found that the defendants during their conduct of the business received sufficient moneys to have enabled them under the terms of their agreement with plaintiff to pay him the amount claimed to be due as rental for the premises, but that the defendants used and disposed of such moneys, not in payment of the necessary expenses of conducting and operating the business, to an extent and in an amount sufficient to have paid plaintiff the amount due him.

The whole argument of appellants on this appeal resolves itself into an attack upon this finding as not supported by

the evidence. There was substantial evidence tending to prove that one Brown, to whom payments were made for services rendered in checking up the cash and doing certain clerical work, was engaged by one of the creditors and not by the trustees, also that such services were for the benefit of the creditors charged and were not necessary for the operation of the business under the trustees. There was also evidence that the attorney to whom other payments were made was employed by the creditors to prepare the original trust agreement and assignment, that he was not employed by either of the trustees, and that he rendered little, if any, legal services to them directly. The evidence on the part of appellants tending to show that some of these services were rendered for and at the request of the trustees merely presents a conflict upon which the trial court was required to find. The finding so made, being based upon conflicting evidence, is conclusive upon this appeal, and for these reasons the judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.